BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
  iwang@bgrfirm.com
Jennie Wang VonCannon (State Bar No. 233392)
  jvoncannon@bgrfirm.com
Matthew O. Kussman (State Bar No. 313669)
  mkussman@bgrfirm.com
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808

Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00331-GW |
|---|---|
| Plaintiff, | **DEFENDANT'S BRIEF RE PRESENTATION OF ENTRAPMENT EVIDENCE AT TRIAL** |
| vs. | |
| ARMAN GABAEE aka "Arman Gabay," | Judge: Hon. George H. Wu<br>Date: February 13, 2020<br>Time: 8:00 a.m.<br>Crtrm.: 9D |
| Defendant. | |
| | Trial Date:  June 2, 2020<br>Status Conference: May 21, 2010 |

1415188.3

Case No. 2:18-cr-00331-GW

DEF.'S REPLY ISO MOTION TO SUPPRESS

## I. INTRODUCTION

Pursuant to the Court's order at the January 30, 2020 status conference in the above-captioned matter (ECF No. 130), defendant Arman Gabaee aka "Arman Gabay," hereby submits the following proposed procedure for the potential presentation of an entrapment defense at trial:

1. The government will present its case-in-chief, without the submission of any evidence or argument on the entrapment issue.
2. After hearing the government's case-in-chief, Mr. Gabay's counsel will decide whether an entrapment defense is viable. If so, Mr. Gabay will present evidence in his case-in-chief to support the defense.
3. If entrapment has been put at issue in Mr. Gabay's case-in-chief, the government may present evidence refuting the defense on rebuttal.
4. The Court will give an instruction to the jury regarding the entrapment defense.

The above-outlined procedure is necessary to comply with the Federal Rules of Evidence and avoid substantial prejudice to Mr. Gabay.

## II. ARGUMENT

The presentation of an entrapment defense involves a two-step inquiry. First, "in order to raise entrapment, the defendant need only to point to evidence from which a rational jury could find that he was induced to commit the crime but was not otherwise predisposed to do so." *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). Second, if the defendant can point to such evidence, "[t]he burden then shifts to the government to prove beyond a reasonable doubt that the defendant was not entrapped." *Id.*; *see also Lo Buono v. United States*, 454 F.2d 731, 731 (9th Cir. 1972) ("After defendant introduces evidence of entrapment the burden shifts to the government to prove predisposition.").

Critically, in rebutting an entrapment defense, the government may be permitted to introduce evidence of the defendant's predisposition that would

otherwise be inadmissible under Federal Rule of Evidence 404.  However, neither the Court nor the parties will definitively know if such predisposition evidence will be relevant and admissible until Mr. Gabay actually asserts an entrapment defense at trial.  And, because Mr. Gabay has the right to evaluate the government's case-in-chief before making a final decision on presenting an entrapment defense, neither the parties nor the Court will know if predisposition evidence is admissible until Mr. Gabay's case-in-chief.  Accordingly, the government's predisposition evidence must be reserved for rebuttal to avoid the potential for the improper admission of highly prejudicial character evidence in violation of Federal Rule of Evidence 404.  *See also* Fed. R. Evid. 403.

The case of *United States v. McGuire*, 808 F.3d 694 (8th Cir. 1987), is illustrative.  There, the government argued that it was proper to admit predisposition evidence in the government's case-in-chief because defense counsel "not only asserted during opening argument, but also during voir dire, that it would rely on entrapment." *Id.* at 696.  The court rejected the argument, holding that "it was error for the district court to allow the government to introduce rebuttal evidence in its case-in-chief in anticipation of an entrapment defense that was proposed, but that never actually materialized." *Id.*

Similarly, in *United States v. Hicks*, 635 F.3d 1063 (7th Cir. 2011), the court held that even though defense counsel "discussed the possibility of raising an entrapment defense prior to trial . . . the entrapment defense did not materialize until the defense presented its case." *Id.* at 1072.  Accordingly, "[t]he proper course of action would have been for the government to offer the convictions [for predisposition purposes] after [the defendant's] entrapment defense materialized, either during cross-examination or during its rebuttal case." *Id.*  Because the evidence was improperly admitted, the defendant's conviction was vacated. *Id.* at 1074.  Other cases are in accord. *See e.g. United States v. Vigil*, No. CR 05-2051-JB, 2006 WL 4061153, at *7-8 (D.N.M. Sept. 8, 2006) (only if defendant "chooses

to assert and elicit testimony in his case in chief that he was set-up [*sic*] in a context that credibly appears to the Court to be an entrapment defense, then the Court will allow introduction of predisposition evidence."); *United States v. Harris*, 65 F. Supp. 2d 983, 987 (N.D. Iowa 1999) (predisposition evidence "only admissible . . . after defendant . . . presents evidence that government agents induced or coerced him into participating in the charged drug transactions.").

Thus, allowing the government to prematurely introduce predisposition evidence in its case-in-chief would cause substantial prejudice to Mr. Gabay by potentially allowing for the introduction of highly prejudicial inadmissible evidence—evidence which it has already moved the Court to introduce despite the fact that they consist of wiretap recordings (ECF No. 124), and the Court has not yet ruled on Mr. Gabay's motion to suppress the wiretap (ECF No. 119).

### III. CONCLUSION

For the foregoing reasons, the Court should adopt Mr. Gabay's proposed procedure on the presentation of the entrapment defense at trial.

Dated:  February 5, 2020                    BROWNE GEORGE ROSS LLP
                                                                                         Thomas P. O'Brien
                                                                                         Ivy A. Wang
                                                                                         Jennie Wang VonCannon
                                                                                         Matthew O. Kussman

                                                                    By:   /s/ Thomas P. O'Brien
                                                                                    Thomas P. O'Brien
                                                                 Attorneys for Defendant
                                                                 Arman Gabaee aka "Arman Gabay"