E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4443/8452
    Facsimile: (213) 894-0141
    E-mail:   lindsey.dotson@usdoj.gov
             thomas.rybarczyk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>ARMAN GABAEE,<br>  aka "Arman Gabay,"<br><br>      Defendant. | No. CR 18-00331-GW<br><br>GOVERNMENT'S NOTICE OF <u>VICTIM IMPACT STATEMENT</u><br><br>Hearing Date: December 15, 2022<br>Hearing Time: 8:00 a.m.<br>Location:    Courtroom of the<br>                  Hon. George H. Wu |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lindsey Greer Dotson and Thomas F. Rybarczyk, hereby files and notifies this Court of a victim impact statement it received from counsel for the County of Los Angeles on November 22, 2022.

    Counsel for the government disclosed the victim impact statement, filed concurrently herewith, on November 22, 2022 to both

counsel for defendant ARMAN GABAEE and the United States Probation Officer.

Dated: December 7, 2022          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　/s/ Lindsey Greer Dotson
LINDSEY GREER DOTSON
THOMAS F. RYBARCZYK
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# VICTIM IMPACT STATEMENT

## [County of Los Angeles]



# County of Los Angeles
## CHIEF EXECUTIVE OFFICE

Kenneth Hahn Hall of Administration
500 West Temple Street, Room 713, Los Angeles, California 90012
(213) 974-1101
http://ceo.lacounty.gov

**FESIA A. DAVENPORT**
Chief Executive Officer

Board of Supervisors
HILDA L. SOLIS
First District

HOLLY J. MITCHELL
Second District

SHEILA KUEHL
Third District

JANICE HAHN
Fourth District

KATHRYN BARGER
Fifth District

November 22, 2022

Honorable George H. Wu
United States District Judge
District Court for the Central District of California
Courtroom 9D, 9th Floor
350 West 1st Street
Los Angeles, California 90012

Dear Judge Wu:

### UNITED STATES V. GABAEE, 2:18-CR-00331-GW

On behalf of the County of Los Angeles (the "County"), I submit this letter in connection with the upcoming sentencing of defendant Arman Gabaee ("Defendant"), to detail the impact of his criminal conduct on the County and its citizens. Defendant's guilty plea in this case comes nearly four years after his initial indictment. Since being indicted, Defendant has shown no remorse for his conduct, nor has he taken any actions to ameliorate the damage he has done.

Defendant is a wealthy real estate investor who owns numerous commercial properties throughout the County. He is the co-managing partner and co-founder of the Charles Company, as well as several other entities that leased property owned by Defendant or one of his companies to the County. As detailed in his plea agreement, Defendant engaged in a years-long scheme of offering bribes and other illicit benefits to Thomas Shepos ("Shepos"), a high-ranking official within the County's Chief Executive Office Real Estate Division, to obtain favorable treatment with respect to County contracts and thereby enrich himself and his businesses.

Contrary to the Defendant's characterizations in his recently filed Objections to the Presentence Report (Dkt. No. 263), Shepos was a high-ranking official with significant influence over County decision-making on leased properties, including as to the expenditure of County funds. Shepos was also responsible for negotiating, drafting, and recommending the adoption of County contracts. By bribing Shepos, Defendant was able to exert significant influence over major County leasing decisions, enabling him to line his own pockets by defrauding the County and its constituents out of millions of dollars.

*"To Enrich Lives Through Effective And Caring Service"*

Honorable George H. Wu
United States District Judge
District Court for the Central District of California
November 22, 2022
Page 2

Defendant has been convicted of Federal Program Bribery in violation of 18 U.S.C. § 666(a)(2). However, this charge represents just one aspect of Defendant's illegal bribery scheme that victimized the County and its citizens. From about 2011 to 2017, Defendant paid Shepos bribes and kickbacks of approximately $1,000 per month in exchange for non-public information about the County's leasing needs. Defendant's companies then used this information to tailor their proposals, while Shepos would ensure that Defendant's companies were awarded County leases over other, innocent businesspersons. Shepos also used his position and influence to negotiate contracts on terms that were preferential to Defendant, and that any disputes between Defendant and County departments were resolved on terms that benefitted him. All of this was to the detriment of the County.

Defendant's illicit conduct went beyond monthly payments. Specifically, in 2017, Defendant offered to buy Shepos a home in Northern California—then valued at over $1 million—in exchange for Shepos' assistance in securing a County lease for office space in the Hawthorne Mall, which Defendant owned and was redeveloping. As drafted, the proposed lease for the Department of Public Social Services was for a term of 10 years and would have resulted in over $45 million in payments to Defendant, in the form of rent and tenant improvements. Were it not for the intervention of the FBI, the County could have entered this tainted lease, potentially costing the County and its citizens millions of dollars over a period of multiple years.

Defendant has admitted to all of these facts in a plea agreement that this Court accepted on May 2, 2022. *See* Plea Agreement for Def. Arman Gabaee, *United States of America v. Gabaee*, No. 2:18-CR-00331-GW, Dkt. No. 240 at 6-10 (filed Apr. 26, 2022); Minutes of Change of Plea, Dkt. No. 243 (entered May 2, 2022) ("The plea is accepted.").

The County is still dealing with the fallout of Defendant's actions:

*First*, Defendant's misconduct and illegal scheme with Shepos caused the County to spend millions of taxpayer dollars on illegal contracts that are tainted by corruption. The County entered into over a dozen leases with Defendant, collectively worth more than $125 million. Many of these leases were for above-market prices, resulting in a waste of County funds that would have otherwise been available to serve the public. This harm is ongoing. The County cannot simply move departments occupying tens of thousands of square feet to alternative space without significant disruption to essential County services. The County is also incurring tens of millions of dollars in relocation costs and replicating tenant improvement costs in replacement spaces, which are the result of the fraudulent, illegal behavior of Defendant.

Honorable George H. Wu
United States District Judge
District Court for the Central District of California
November 22, 2022
Page 3


*Second*, Defendant's conduct denied innocent businesspersons a fair opportunity to compete for the County's business. Defendant and Shepos lined each other's pockets while innocent third parties lost out on millions of dollars in revenue. The scheme has also caused incalculable reputational damage, casting doubt on the integrity of the County's leasing process.

*Third*, as the most populous county in the United States, the County serves as the safety net for the millions of people who rely on the fundamental services provided by County departments on a daily basis. Defendant's scheme took funds that would otherwise have been used for critical services, such as child and family support services, health care, and mental health services, all at the expense of the County's citizens.

Given the vast scope and duration of Defendant's fraud, the lasting harm it has inflicted on the County, and Defendant's resolute refusal to take any responsibility for the harm he has caused, Defendant should face the full weight of judgment against him, and the maximum sentence permitted by law.

Sincerely,

FESIA A. DAVENPORT
Chief Executive Officer



John T. Cooke
Assistant Chief Executive Officer
Asset Management Branch

FAD:JMN:JTC
JLC:mda